**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**STANLEY MONTGOMERY, # 63096**                                    **PETITIONER**

**vs.**                                            **CIVIL ACTION NO.:  1:12cv102-SA-SAA**

**WINSTON COUNTY SHERIFF'S DEPARTMENT, ET AL.**            **RESPONDENTS**

### MEMORANDUM OPINION AND ORDER

Presently before the Court is the pro se petition filed by Stanley Montgomery, Mississippi prisoner #63096, seeking federal habeas relief pursuant to 28 U.S.C. § 2241, and Respondents' motion to dismiss the petition for failure to state a claim upon which relief can be granted.  (Doc. entry no. 6).  Upon due consideration, the Court finds the motion should be granted and the petition dismissed, for the reasons that follow.

### Facts and Procedural History

According to the petition before the Court, Petitioner is currently in custody at the Winston-Choctaw County Regional Correctional Facility, where he is awaiting trial on twelve counts of identity fraud for which he was indicted in the Circuit Court of Winston County, Mississippi on October 24, 2011.  (*See* R. Mot. to Dismiss, Ex. A).  By order entered June 11, 2012, the trial court continued Petitioner's trial on the pending charges, noting that the continuance was the result of a "joint motion ore tenus."  (*Id.*, Ex. B).  The order also noted that Petitioner, through counsel, agreed to the continuance "and to waive all federal and state Speedy Trial rights and any violation of the 270 day rule in accordance with Miss. Code Ann. Sec. 99-17-1[.]"  (*Id.*).

The records filed with the Court show that, on April 26, 2011, Petitioner pled guilty to five counts of identity theft and was sentenced to a term of five years in the custody of the

Mississippi Department of Corrections.  (Pet. Response to Mot. to Dismiss, Ex. C).  On each

count, Petitioner was sentenced to serve a two week term of imprisonment and complete the

remaining four years and fifty weeks on post-release supervision, with the sentences to run

concurrently.  (*Id*.).  Petitioner was subsequently arrested pending the resolution of a petition to

revoke his probation after the identity theft charges at issue here were alleged against him.  (*See

id.,* Ex. D; *see also* R. Mot. to Dismiss, 2 n.1 (construing instant petition as challenge to pending

charges)).

Petitioner filed the instant petition on or about May 7, 2012, raising various claims for

relief.  (*See* doc. entry no. 1).  He maintains that he has not been interviewed, and that the capias

in this case identifies the wrong arresting officer; that officers have conspired to incarcerate him;

that he has been denied a speedy trial; and that he has received the ineffective assistance of

counsel.  (*See id.*).  He requests that this Court "investigate this matter and file suit."  (*Id*., 8).

## Law and Analysis

A pre-trial detainee has the right to seek federal habeas relief, but that relief "does not lie,

absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state

criminal charge prior to a judgment of conviction by a state court."  *Braden v. 30th Judicial

Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973).  Courts have recognized "an important

distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly

functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior

to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial."

*Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (citation omitted).  A pre-trial detainee

who files a habeas petition in "an attempt to dismiss an indictment or otherwise prevent a

prosecution" is seeking an objective that is "normally not attainable through federal habeas

corpus." *Id.* Because Petitioner is attempting to prevent the State from following through with its prosecution of him on the pending charges, he is seeking to "abort" or "disrupt" the normal and "orderly functioning of state judicial processes." *Id.* at 1282-83.

"[F]ederal courts should abstain from the exercise of [] jurisdiction if the issues raised in the petition may be resolved either by a trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (citation omitted). Through counsel, Petitioner agreed to a continuance in his case, and he waived any potential speedy trial claims. While Petitioner protests that this was done without his consent, it does not appear from the trial docket that Petitioner has attempted to file any motions in the trial court asking to be brought to trial. (*See* R. Mot. to Dismiss, Ex. C). The Court does not find any "special circumstances" to exist that would obviate the need for Petitioner to first present his claims in State court. *Dickerson*, 816 F.2d at 225.

At bottom, Petitioner's claim is that he is innocent of the charges against him, and he wants this Court to dismiss the charges against him and order his release. Because Petitioner seeks relief that is unavailable, the Court cannot hear the merits of Petitioner's claim. The Court finds no basis to conclude that federal intervention in this matter is warranted, and Petitioner has failed to demonstrate that federal habeas relief he seeks is available. Therefore, the Court **GRANTS** Respondents' motion to dismiss for failure to state a claim upon which habeas relief can be granted and **DISMISSES** the instant petition for writ of habeas corpus.

**SO ORDERED**, **THIS** the 3rd day of August, 2012.

 /s/ Sharion Aycock
**U.S. DISTRICT JUDGE**